```
                                                      Pages 1 - 6

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                BEFORE THE HONORABLE CHARLES R. BREYER

ROBERT RAHIMI,                     )
                                   )
          Plaintiff,               )
                                   )
  VS.                              ) NO. C 13-5216 CRB
                                   )
TESLA MOTORS, INC., et al,         )
                                   ) San Francisco, California
          Defendants.              ) Friday
                                   ) February 14, 2014
_____    ) 2:00 p.m.


                    TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:          GLANCY, BINKOW & GOLDBERG, LLP
                        One Embarcadeo Center
                        Suite 760
                        San Francisco, CA 94111
                    BY: JOSEPH BARTON, ESQ.



For Defendant:          IRELL & MANELLA
                        1800 AVENUE OF THE STARS
                        9th Floor
                        Los Angeles, California 90067
                    BY: CHARLES ELDER, ESQ.
                        - appeared via telephone




Reported By:   Debra L. Pas, CSR 11916, CRR, RMR, RPR
               Official Reporter - US District Court
               Computerized Transcription By Eclipse
```

**P R O C E E D I N G S**

**February 14, 2014**                                                    **2:09 p.m.**

**THE CLERK:** Calling Case C13-5216, Robert Rahimi versus Tesla Motors.

Appearances, counsel.

**MR. BARTON:** Hello, your Honor. Joe Barton for Glancy Binkow and Goldberg. We're attorneys for the plaintiff in the lead action, as well as one of the movants in the pending motion.

**THE COURT:** Right. Let me get the -- I think defense counsel is appearing by phone.

**MR. ELDER:** Yes, your Honor. This is Charles Elder from Irell and Manella appearing on behalf of defendants.

**THE COURT:** Okay. So this matter is on for appointment of lead counsel and a lead plaintiff. It's unopposed, is my understanding.

**MR. BARTON:** Yes, that's correct, your Honor.

**MR. ELDER:** That's correct.

**THE COURT:** Okay. So I am appointing counsel, lead counsel, and their suggested lead plaintiff is also being appointed.

**MR. BARTON:** Thank you.

**THE COURT:** Now, let me take a moment, since I have you both here, to inquire into a couple of things.

Initially there were several actions that were filed, is

```
 1  that right?
 2          MR. BARTON:  There were two actions.
 3          THE COURT:  By "several," several is two, right?
 4          MR. BARTON:  Yes.
 5          THE COURT:  And, but the -- one of the two actions
 6  has actually been dismissed, rather than -- it's been dismissed
 7  and not consolidated or it is consolidated or what?
 8          MR. BARTON:  I believe that the two cases have been
 9  related, but not yet consolidated.  I believe that the movant
10  in the second filed action, that plaintiff withdrew their
11  motion for seeking leadership, but I believe that the action is
12  still pending.
13          THE COURT:  You think the action is still pending?
14          MR. ELDER:  Actually, your Honor -- this is
15  Mr. Elder.
16          THE COURT:  Yes.
17          MR. ELDER:  I agree with you.  I recall seeing a
18  notice of voluntary dismissal.
19          THE COURT:  That's what -- that's my recollection,
20  but I --
21          MR. ELDER:  Yes.
22          THE COURT:  It's either been dismissed or we'll hear
23  about it.  Okay.
24          MR. BARTON:  Okay.
25          THE COURT:  All right.  So there's no consolidated
```

1  complaint to be filed, is there?  I mean, it's all -- it's a
2  single action now.
3         **MR. BARTON:**  It is a single action.  We would ask,
4  under the scheduling order that your Honor entered, I believe
5  60 days to file, I guess, an amended complaint.
6         **THE COURT:**  Okay.  And that's granted.
7         **MR. BARTON:**  Thank you.
8         **THE COURT:**  Now, let me tell you what I want to see
9  in that complaint.
10      After reading the original complaint, I understand that
11 the gravamen of the complaint goes something like this.  And
12 I'm going to be very inexact in what I say.  I don't have it in
13 front of me, and I'm summarizing it.
14      But it's something to the effect that that says:  Tesla
15 says that they have created -- and, again, I'm paraphrasing --
16 one of the safest cars in America, or the safest car in
17 America, or a car that the government has certified as one of
18 the safest cars, or a safe car; something to that effect, okay,
19 that that was the representation that Tesla made.  There may be
20 others, but they made that representation.
21      Subsequently, there have been three fires of Tesla
22 vehicles, involving Tesla vehicles.  And then comes -- the gap
23 in my mind is, I think the plaintiffs are saying, therefore,
24 the statements that were made by Tesla were untrue.  And is
25 that -- is that what is being said or is or is that not being

 1  said?
 2          **MR. BARTON:**  I think that is part of what's being
 3  said.
 4          **THE COURT:**  Okay.  And there's -- may be more to it
 5  than that, is what you're saying?
 6          **MR. BARTON:**  Yes.  I --
 7          **THE COURT:**  Okay.  So, but I'm not trying to -- I do
 8  not want to put you on the spot today, but I want to put you on
 9  this spot, this particular spot.
10      I want you in your amended complaint to essentially comply
11  with the requirements of the -- of the Private Security Reform
12  Act, which is, in cases of this nature, you are to identify the
13  particular statements that you believe to be untrue and you are
14  to identify the evidence that you have that demonstrates that
15  the statements are untrue.
16      And, further, if there are omissions, which can be an
17  untruth in a sense, if you're required to make a statement and
18  you do not make that statement, what is the omission and what
19  evidence do you have that the omission was, first of all,
20  required -- that the statement which was omitted was actually
21  required and that was intentionally eliminated from the
22  disclosures.
23      So, in other words, I want you to lay out in as much
24  detail as can be -- in your possession, because you're not
25  entitled to discovery on this, as much information as you

1  possibly have that supports those allegations.  And I want to
2  see them in the amended complaint.  And you have how many, 60
3  days to do it?
4           **MR. BARTON:**  Yes.  Sixty days from appointment, from
5  today.
6           **THE COURT:**  So that gives you plenty of time, in my
7  view, to put together the complaint that -- to the extent
8  you're able under the circumstances, to demonstrate that it's
9  satisfactory.  It meets the requirements of the law.
10      Then Tesla will respond.  Either they will respond by
11 filing an answer or otherwise.  But I want it all laid out
12 there in as much detail as possible, okay?
13          **MR. BARTON:**  Okay.
14          **THE COURT:**  Any questions?
15          **MR. BARTON:**  None, your Honor.
16          **THE COURT:**  Okay.  Thank you very much.  Thank you
17 for coming in.  And, I guess, thank you, the person on the
18 phone.  And I don't blame them for being on the phone today.  I
19 wish I could have been.
20      Okay.  Thank you.
21          **MR. BARTON:**  Thank you very much, your Honor.
22          (Proceedings adjourned.)
23
24
25

*Debra L. Pas, CSR, CRR, RMR, RPR*
*Official Reporter - U.S. District Court - San Francisco, California*
*(415) 431-1477*

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Monday, March 10, 2014