1    IRELL & MANELLA LLP
     David Siegel (CA SBN 101355)
2    dsiegel@irell.com
     Charles E. Elder (CA SBN 186524)
3    celder@irell.com
     Colin Roth (CA SBN 287096)
4    croth@irell.com
     1800 Avenue of the Stars, Suite 900
5    Los Angeles, California 90067-4276
     Telephone:   (310) 277-1010
6    Facsimile:   (310) 203-7199

7    Attorneys for Defendants
     TESLA MOTORS, INC. and ELON MUSK
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13                                    )   Case No. 3:13-CV-05216-CRB
                                      )
14                                    )   CLASS ACTION
                                      )
15                                    )   **NOTICE OF MOTION AND MOTION OF**
     IN RE TESLA MOTORS, INC.         )   **TESLA MOTORS AND ELON MUSK**
16   SECURITIES LITIGATION            )   **UNDER RULE 59(e) TO AMEND THE**
                                      )   **JUDGMENT BY CONDUCTING THE**
                                      )   **PSLRA'S MANDATORY RULE 11**
17                                    )   **INQUIRY AND IMPOSING SANCTIONS**
                                      )
18                                    )   Date: February 20, 2015
                                      )   Time: 10:00 a.m.
19                                    )   Ctrm: 6
                                      )   Judge: Hon. Charles R. Breyer
20   _____)

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND RELIEF SOUGHT ...........................................................................iv

SUMMARY OF ARGUMENT ...........................................................................................................v

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

    I.       PROCEDURAL HISTORY ....................................................................................1

    II.      THE PSLRA MANDATES THAT THIS COURT CONDUCT A RULE 11 SANCTIONS REVIEW FOLLOWING ITS JUDGMENT IN DEFENDANTS' FAVOR. .......................................................................2

    III.    PLAINTIFFS' FRIVOLOUS FACTUAL AND LEGAL CONTENTIONS VIOLATED RULE 11. .............................................3

            A.     Plaintiffs' Complaint Lacked Any Factual or Evidentiary Basis. .................................................................................4

            B.     Plaintiffs' Counsel Did Not Conduct A Reasonable Or Competent Inquiry Into Their Factual Allegations. ....................9

            C.     Defendants Should Be Awarded Their Full Attorneys' Fees And Costs. ...............................................................11

    IV.    CONCLUSION ....................................................................................................12

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abner Realty, Inc. v. Admin. Gen'l Svcs. Admin.*,
No. 97 Civ. 3075 (RWS), 1998 WL 410958 (S.D.N.Y. July 22, 1998) .................... vii, 11

*Aizuss v. Commonwealth Equity Trust*,
847 F. Supp. 1482 (E.D. Ca. 1993) ...................................................................... 9

*Benedict v. Hewlett-Packard Co.*,
No. 13-CV-00119-LHK, 2014 WL 234207 (N.D. Cal. Jan. 21, 2014)............................ 5

*Burekovitch v. Hertz*,
No. 01-CV-1277 (ILG), 2001 WL 984942 (E.D.N.Y. July 24, 2001)............................ 10

*Corroon v. Reeve*,
258 F.3d 86 (2d Cir. 2001) ................................................................................ 11

*DeMarco v. Depotech Corp.*,
131 F. Supp. 2d 1185 (S.D. Cal. 2001) .............................................................. 1

*Gurary v. Nu Tech Bio Med, Inc.*,
303 F.3d 212 (2d Cir. 2002)................................................................................ 3

*Holgate v. Baldwin*,
425 F.3d 671 (9th Cir. 2005)............................................................................... 4, 9

*In re Star Gas Sec. Litig.*,
745 F. Supp. 2d 26 (D. Conn. 2010) ................................................................. vii, 8, 12

*Kushner v. D.B.G. Prop. Investors, Inc.*,
793 F. Supp. 1161 (S.D.N.Y. 1992) .................................................................. 9

*Polar Int'l Brokerage Corp. v. Reeve*,
196 F.R.D. 13 (S.D.N.Y. 2000)........................................................................... vii, 11

*Richter v. Achs*,
174 F.R.D. 316 (S.D.N.Y. 1997).......................................................................... 1

*Sable v. Southmark/Environ Capital Corp.*,
819 F. Supp. 324 (S.D.N.Y. 1993) .................................................................... 9

*Simon DeBartelo Group, L.P., v. Richard E. Jacobs Group*,
186 F.3d 157 (2d Cir. 1999)............................................................................... 2

*Stiglich v. Contra Costa Cnty. Bd. of Sup'rs*,
106 F.3d 409, 1997 WL 22410  (9th Cir. 1997)................................................. 5

## Statutes

15 U.S.C. § 78u-4................................................................................................ passim

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- ii -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

1

**Page(s)**

**Rules**

Federal Rule of Civil Procedure 11 ......................................................................... passim

Federal Rule of Civil Procedure 59(e) ............................................................... iv, viii, 1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- iii -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

1

## NOTICE OF MOTION AND RELIEF SOUGHT

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE THAT on February 20, 2015, or as soon thereafter as the matter
4  may be heard, before the Honorable Charles R. Breyer, Courtroom 6, 17th Floor, 450 Golden Gate
5  Avenue, San Francisco, California 94102, Defendants Tesla Motors and Elon Musk (collectively,
6  "Defendants") shall and hereby do move, pursuant to Federal Rule of Civil Procedure 59(e), for
7  the Court to amend its judgment to evaluate Plaintiffs' counsel's (Pomerantz LLP and Glancy
8  Binkow & Goldberg LLP (collectively, "Plaintiffs' Counsel")) compliance with Federal Rule of
9  Civil Procedure 11(b) ("Rule 11"), as the Private Securities Litigation Reform Act ("PSLRA"), 15
10  U.S.C. § 78u-4, requires, and to award sanctions.

11      Defendants respectfully request that the Court: (1) find that Plaintiffs' Counsel failed to
12  comply with Rule 11, and (2) impose sanctions against Plaintiffs' Counsel in the full amount of
13  Defendants' reasonable attorneys' fees and costs.

14      Pursuant to Local Rule 54-5, Defendants' counsel met and conferred with Plaintiffs'
15  counsel for the purpose of attempting to resolve this motion, but the parties were unable to reach
16  agreement.  Declaration of Charles Elder ("Elder Decl.") ¶ 1.

## ISSUES TO BE DECIDED

17

18      1.      Whether Plaintiffs' Counsel violated Federal Rule of Civil Procedure 11 by
19  advancing frivolous legal and factual contentions during this litigation.

20      2.      Whether sanctions should be awarded pursuant to the PSLRA, 15 U.S.C. § 78u-
21  4(c)(2), and if so, whether the Court should award Defendants' reasonable attorneys' fees and costs
22  pursuant to the PSLRA's presumption in favor of such an award.  15 U.S.C. § 78u-4(c)(3).

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- iv -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

# SUMMARY OF ARGUMENT

An accusation of securities fraud, particularly one that is coupled with an accusation that an automobile with an exemplary safety record is unsafe, must have a good faith basis before being filed in a federal court.  Plaintiffs here, however, had no good faith basis for these frivolous and, as this Court has already held, utterly baseless allegations.  The Model S has received the highest vehicle rating ever awarded by Consumer Reports and the highest possible safety rating from the U.S. National Highway Traffic Safety Administration's ("NHTSA").  12/5/14 Memorandum of Opinion dated 12/5/2014, Dkt. 56, 12:9-10 ("Opinion").  The Model S's unmatched safety record led to this Court's inevitable conclusion that Plaintiffs "do[] not and cannot allege that other cars are safer than the Model S."  Opinion 12:9-10.  The Court "rejected Plaintiffs' invitation to second-guess Tesla's engineering decisions," in part "because the Model S's stellar success surely indicates it would be a losing proposition."  Opinion 17:6-8.

Plaintiffs nevertheless pressed their claims.  Rather than reasonably and competently investigating their claims to ensure that they had a good faith basis in fact and law, Plaintiffs ignored indisputable and obvious facts that eviscerated their claims, including facts contained in the very documents and confidential witness statements cited in their own complaint.  This left the Court "at a total – I mean *'total'* – loss understanding the basis for this lawsuit."  9/26/14 Hrg. Tr. at 4:12-13, Dkt. 33 (emphasis added).

Accordingly, this Court held that Plaintiffs had "***utterly failed*** to plead facts sufficient to establish a false or materially misleading statement."  Opinion 7:23-24 (emphasis added).  It went on to highlight the extent of Plaintiffs' failure: "Despite having experienced trial counsel compile a lengthy and detailed complaint that includes extensive confidential witness interviews, and twice being granted leave to amend, ***Plaintiffs have woefully failed to allege even the false statements at the core of their cause of action***."  *Id.* at 17:17-20 (emphasis added).

Congress, in passing the PSLRA, enacted a statute requiring all courts, upon entry of a final judgment in a securities fraud case, to assess whether the plaintiffs complied with Federal Rule of Civil Procedure 11 ("Rule 11").  Moreover, in recognition of the fact that courts are generally reluctant to issue Rule 11 sanctions, Congress mandated that courts "shall impose

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- v -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

1  sanctions" – presumed to be the prevailing party's reasonable attorneys' fees and expenses – if

2  Rule 11 has been violated.  15 U.S.C. § 78u-4(c).

3       This is a case in which sanctions are plainly warranted.  Plaintiffs violated Rule 11 by

4  presenting allegations that simply had no basis in fact, including, among others, the following:

5       • They claimed that Tesla misled investors by failing to disclose that NHTSA does

6         not rate cars above five stars, when in fact Tesla's press release said exactly that:

7         "NHTSA does not publish a star rating above 5."  Second Amended Complaint

8         ("SAC") Ex. 3, Dkt. 42.

9       • They represented that Tesla's Model S safety upgrades were "tantamount to a

10        recall" (SAC ¶ 194) even though no recall actually occurred.  On the contrary,

11        NHTSA *reaffirmed* Tesla's five-star safety rating and closed its inquiry into the

12        Model S fires by concluding that it had found no evidence of a defect trend.

13      • They claimed that the Model S experienced accidental prototype battery fires

14        before the class period, when Plaintiffs' own evidence underscored how those fires

15        were irrelevant to the released Model S.  For example, one of those fires was not

16        accidental at all, but was "intentionally set by Tesla engineers as part of a test."

17        Opinion 3:8-9 (underlining in Opinion); SAC ¶ 91.  Another fire took place on a

18        "storage cart" and "the fire department report neither identified a battery nor

19        identified the source of the fire."  Opinion 3:21-22.

20      • They attempted to allege that the class period fires injured Tesla investors by

21        impacting Tesla's third quarter 2013 Model S deliverables, even though the class

22        period fires had not occurred by then – those fires did not occur until the *fourth*

23        quarter 2013.

24      • They attempted to supplement the record in their opposition brief by arguing that a

25        Model S battery caused a garage fire in Toronto, when their own evidence

26        disproved that argument by showing that, in fact, the battery was "untouched" by

27        the fire.  Plfs. Opp. Ex. 3, Dkt. 46.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- vi -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

- Generally, they attempted to claim that the Model S was unsafe, ignoring the fact that in each of the three alleged class period fires, the car operated exactly as designed by warning the driver to pull over, preventing the fire from spreading, and keeping all passengers unharmed from the fire – even the driver in Mexico who crashed his Model S into a concrete wall and a tree after driving over 100 miles per hour.

Had Plaintiffs' Counsel conducted a reasonable and competent inquiry, as Rule 11 requires, they would have discovered that their contentions lacked *any* evidentiary support and were contradicted by the available evidence.  Even worse, it would have been obvious to Plaintiffs that many of these allegations were false even without performing any investigation at all, as it was apparent from the face of the complaint and the exhibits on which they relied.

If ever there was an appropriate occasion to impose sanctions and mandatory fee shifting under the PSLRA, this is the case.  This Court's findings that Plaintiffs' pleading was "utterly" and "woefully" inadequate is a basis for sanctions under Rule 11 and the PSLRA.  *Abner Realty, Inc. v. Admin. Gen'l Svcs. Admin.*, No. 97 Civ. 3075 (RWS), 1998 WL 410958 at *7 (S.D.N.Y. July 22, 1998) (awarding attorneys' fees where the fraud claim was "woefully inadequate and fatally flawed").  Plaintiffs have fallen well short of their duty under Rule 11 and the PSLRA not to file frivolous, baseless securities lawsuits, and they have wasted this Court's scarce resources and forced Defendants to spend substantial time and money on this frivolous litigation.  This is precisely the situation that Congress sought to prevent, and remedy, in passing the PSLRA's mandatory Rule 11 review and sanctions provisions.  *See Polar Int'l Brokerage Corp. v. Reeve*, 196 F.R.D. 13, 16 (S.D.N.Y. 2000) ("[P]laintiffs' repeated attempts to bolster their objectively unreasonable claims of misstatement and omission by exaggerating, mischaracterizing and ignoring the plain language of relevant documents is sanctionable conduct under Rule 11(b)(3) which prohibits counsel from making unsupported factual contentions."); *In re Star Gas Sec. Litig.*, 745 F. Supp. 2d 26, 36 (D. Conn. 2010) (awarding PSLRA sanctions where allegations were unsupported by confidential witnesses, "utterly lacking in support," and impossible given the alleged chronology of events).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- vii -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

1        Accordingly, Defendants respectfully request that, pursuant to Rule 59(e) and the PSLRA,

2    this Court amend its judgment to find that Plaintiffs' Counsel violated Rule 11 and impose

3    sanctions in the full amount of Defendants' reasonable attorneys' fees and costs.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- viii -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Tesla Motors, Inc. and Elon Musk respectfully move this Court to make findings regarding the compliance of lead plaintiff Kazim Acar and plaintiffs William Landrum and Pankaj Modi (collectively, "Plaintiffs") and Plaintiffs' Counsel with Federal Rule of Civil Procedure 11(b), as required under the Private Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, and to impose the presumptive sanction of fee shifting.  For the reasons set forth below and in the preceding Summary of Argument, this motion should be granted and Defendants should be awarded their reasonable attorneys' fees and other legal expenses.  As the Court has already entered a Judgment in this action (Dkt. 58), Defendants respectfully request that the Court amend that judgment pursuant to Federal Rule of Civil Procedure 59(e) to include that award.[1]

## I.   PROCEDURAL HISTORY

Plaintiffs filed their initial complaint on November 13, 2013, shortly after news of two Model S battery fires caused by impacts with road debris. Dkt. 1.  At a February 14, 2014, hearing in which the Court granted Plaintiffs' motion to be appointed lead plaintiff, the Court admonished Plaintiffs "at length" that they must comply with the PSLRA and must include "all possible facts to support their allegations."  Opinion 5:1-4; Dkt. 33 at 5-6.  Plaintiffs filed their First Amended Complaint on April 15, 2014.  Dkt. 35.  On February 10, 2014, shortly before the lead plaintiff appointment hearing, counsel for Defendants met and conferred with Plaintiffs' Counsel and told them that there was no factual basis for their allegations, that Defendants planned to file a motion to dismiss, and that Defendants reserved the right to seek sanctions on the grounds that the claims were frivolous.  Elder Decl. ¶ 2.

Yet Plaintiffs pressed forward.  Plaintiffs filed a first amended complaint on April 15, 2014.  Dkt. 35.  Plaintiffs then filed a second amended complaint on June 16, 2014, which contained only one new substantive allegation – the nonsensical claim that the class period battery

---

[1] Under Rule 59(e), Defendants may move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Moving for relief under Rule 59(e) is a well-established procedure for seeking post-judgment sanctions under the PSLRA.  *See, e.g., Richter v. Achs*, 174 F.R.D. 316 (S.D.N.Y. 1997); *DeMarco v. Depotech Corp.*, 131 F. Supp. 2d 1185 (S.D. Cal. 2001).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- 1 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

fires, which all took place in the fourth quarter of 2013, impacted Tesla's *third* quarter 2013 Model S sales.  SAC ¶ 172.

This Court granted Defendants' motion to dismiss with prejudice at a hearing on September 26, 2014.  Dkt. 53.  On December 5, 2014, the Court issued a written order more fully describing its reasoning.  Opinion, Dkt. 56.  On the same day, it also entered a judgment for Defendants and against Plaintiffs.  Judgment, Dkt. 58.

## II.   THE PSLRA MANDATES THAT THIS COURT CONDUCT A RULE 11 SANCTIONS REVIEW FOLLOWING ITS JUDGMENT IN DEFENDANTS' FAVOR.

When Congress passed the PSLRA, it sought to strengthen the policy against strike suits by imposing a mandatory court review, after entering a judgment, of plaintiffs' compliance with Rule 11(b) of the Federal Rules of Civil Procedure.  Congress concluded that, because Rule 11 had "not deterred abusive securities litigation," it needed to "put 'teeth' in Rule 11."  *Simon DeBartelo Group, L.P., v. Richard E. Jacobs Group*, 186 F.3d 157, 167 (2d Cir. 1999).

The PSLRA mandates that courts conduct a post-judgment review of attorneys' conduct for compliance with Rule 11:

> (c) SANCTIONS FOR ABUSIVE LITIGATION –
>
> (1) MANDATORY REVIEW BY COURT – In any private action arising under this chapter, upon final adjudication of the action, ***the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b)*** of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15 U.S.C. §78u-4(c)(1) (emphasis added).

The PSLRA also requires that the Court "shall impose sanctions" if a Rule 11 violation has occurred:

> (2) MANDATORY SANCTIONS – If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, ***the court shall impose sanctions*** on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- 2 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

1    15 U.S.C. §78u-4(c)(2) (emphasis added).

2        The PSLRA then creates a fee-shifting procedure that sets the prevailing party's attorneys'

3    fees and costs as the presumptive amount of sanctions:

4        (3) PRESUMPTION IN FAVOR OF ATTORNEYS' FEES AND
         COSTS

5        (A) IN GENERAL – Subject to subparagraphs (B) and (C), for
6        purposes of paragraph (2), the court shall adopt a ***presumption that***
         ***the appropriate sanction–***

7        …

8        (ii) ***for substantial failure of any complaint to comply with any***
9        ***requirement of Rule 11(b)*** of the Federal Rules of Civil Procedure
         is an award to the opposing party of the ***reasonable attorneys' fees***
10       ***and other expenses incurred in the action***.

11   15 U.S.C. §78u-4(c)(3) (emphasis added).  In other words, if this Court finds that Plaintiffs'

12   complaint violated Rule 11, Defendants are presumed to be entitled to an award of their reasonable

13   attorneys' fees and expenses incurred since the inception of this case.

14        The PSLRA's mandatory imposition of fee-shifting sanctions addresses Congress's twin

15   concerns about "the failure of courts to impose sanctions pursuant to Rule 11, even in cases in

16   which penalties were warranted" and "the fact that under existing Rule 11 practice, when a court

17   did award Rule 11 sanctions, the award was generally insufficient to make whole the victim of a

18   Rule 11 violation."  *Gurary v. Nu Tech Bio Med, Inc.*, 303 F.3d 212, 220 (2d Cir. 2002)

19   (quotations and citations omitted).  Congress enacted the PSLRA's heightened Rule 11

20   requirements and fee-shifting provision to address "the need not only to deter such abusive

21   lawsuits, but also to compensate fully victims of this kind of abusive litigation." *Id.* at 215.  The

22   "PSLRA's sanction regime was one of several provisions designed to reduce the economic

23   incentives for bringing these actions."  *Id.* at 220.

24   **III.    PLAINTIFFS' FRIVOLOUS FACTUAL AND LEGAL CONTENTIONS**

25        **VIOLATED RULE 11.**

26        Rule 11(b) states, in relevant part:

27        By presenting to the court (whether by signing, filing, submitting, or
28        later advocating) a pleading, written motion, or other paper, an
         attorney or unrepresented party is certifying that to the best of the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729                                                    - 3 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

1
2

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose . . .

3

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

4
5
6

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

7
8

Fed. R. Civ. P. 11(b).  "When a complaint is challenged under Rule 11, a district court must

9

conduct a two-prong inquiry to determine whether the complaint is frivolous: (1) whether the

10

complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has

11

conducted a reasonable and competent inquiry before signing and filing it."  *Holgate v. Baldwin*,

12

425 F.3d 671, 676 (9th Cir. 2005) (quotation omitted).

13
14

Plaintiffs badly flunk this test.  Not only did Plaintiffs "utterly fail[]" to allege a single

actionable misstatement in their 87-page pleading, Opinion 7:23, they ignored or misrepresented

15

the evidence they obtained in the hope of avoiding dismissal.  The PSLRA requires that such

16

conduct must be sanctioned.

17

     A.     **Plaintiffs' Complaint Lacked Any Factual or Evidentiary Basis.**

18
19

     1.     Plaintiffs Frivolously Alleged That Tesla Misled Investors About NHTSA's Model S Crash Test Results.

20
21

Plaintiffs' attacks on Tesla's August 19, 2013 press release regarding NHTSA's Model S

crash test results (SAC ¶¶ 113-121) were frivolous and reflected either a deliberate attempt to

22

mislead the Court or a failure to reasonably and competently investigate Plaintiffs' claims, because

23

the attacks brazenly ignored the press release itself.  Specifically, Plaintiffs claimed that Tesla

24

misled investors by failing to disclose that NHTSA does not rate cars above five stars.  SAC

25

¶¶ 116.  But, this allegation is inconsistent with the obvious fact, which a reasonable investigation

26

would have discovered, that Tesla "explicitly explained" (Opinion 9:9) in the very same press

27

release that "***NHTSA does not publish a star rating above 5.***"  SAC Ex. 3.  Likewise, Plaintiffs

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- 4 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

misrepresented Tesla's description in this press release of the crash testing performed, arguing that Tesla implied the NHTSA testing covered the undercarriage and battery when, in fact, Tesla's press release "clearly stated" (Opinion 10:9) it covered only "front, side, rear, and rollover accidents."  SAC Ex. 3.

Plaintiffs also offered "nothing" (Opinion 9:16) to support their claim that Tesla misled investors about the Model S's Vehicle Safety Scores, which Tesla accurately calculated and described.  SAC ¶¶ 116, 157-158.  And Plaintiffs never denied Tesla's "obvious proposition" (Opinion 9:23) that the Model S's battery placement enhanced safety by reducing rollover risk, even though they alleged that this fact somehow misled investors.  SAC ¶ 117.

Plaintiffs alleged similarly frivolous, incoherent claims regarding Tesla's "Safest Car In America" statement on its website.  As this Court held:

> [T]he SAC is unable even to allege any false statements: it alleges no facts that the Model S was not the safest car in America, or that it did not receive a 5-star safety rating in every category and a record 5.4 star Vehicle Safety Score, and thus fails to specify ***any coherent reason*** why the statement was false or misleading . . . .

Opinion 11:24-28 (emphasis added); SAC ¶¶ 122-125.  The Court's finding that "[t]here's ***no evidence*** that that's not true," 9/26/14 Hrg. Tr. at 3:21-22 (emphasis added), warrants Rule 11 sanctions.  "Rule 11 sanctions are appropriate if the allegations and other factual contentions entirely lack evidentiary support."  *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 234207 at *5 (N.D. Cal. Jan. 21, 2014) (citing *Stiglich v. Contra Costa Cnty. Bd. of Sup'rs*, 106 F.3d 409, 1997 WL 22410, at *8 (9th Cir. 1997)).

In general, Plaintiffs' fraud claim was predicated on the assumption that the Model S was not as safe as advertised, but Plaintiffs could point to no safety defect, choosing instead to attack Tesla's design decisions in hindsight.  The Court correctly "rejected Plaintiffs' invitation to second-guess Tesla's engineering decisions, both ***because the Model S's stellar success surely indicates it would be a losing proposition*** and, more importantly, it is irrelevant for the present purposes. The Court looked instead for materially false or misleading statements pleaded with particularity, and looked in vain here."  Opinion 7:6-10 (emphasis added).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2.  <u>Plaintiffs Frivolously Alleged That Irrelevant "Prototype" Fires Rendered Tesla's Statements Misleading.</u>

Plaintiffs claimed that Tesla misled investors by not disclosing fires that occurred many months before Model S production began.  SAC ¶¶ 119, 130, 142.  These allegations ignored, however, Plaintiffs' own evidence, including their own confidential witness statements, which demonstrated that these fires were irrelevant to the production Model S.  As the complaint made clear (and as this Court recognized), those fires involved **prototype** batteries that occurred **six to ten months** before the Model S actually launched.  Opinion 10:27-11:14.  Moreover, one was deliberately set by Tesla engineers, and another was vaguely alleged to have occurred on a "storage cart" and did not involve a battery pack at all.  *Id.*  Plaintiffs ignored their own confidential witnesses, who described how the Model S and its battery were changing right up until launch.  Opinion 10:25-11:2; SAC ¶¶ 57, 59.

A reasonable and competent investigation of Plaintiffs' own cited evidence would have counseled against making these frivolous allegations.  Yet Plaintiffs made them anyway.  Plaintiffs, well aware that their claims were baseless, clutched at the evidence of these irrelevant fires in the hope of saving their doomed case.  Rather than voluntarily dismiss the case after further investigation revealed no basis for a claim – the proper decision, under Rule 11 – they instead pressed forward in reliance on these facially irrelevant facts.

3.  <u>Plaintiffs Relied On A Grab-Bag Of Other Frivolous Allegations.</u>

Plaintiffs' allegations that Musk misrepresented the circumstances of the Washington and Tennessee fires[2] were frivolous because they offered absolutely no evidence that contradicted Musk's accurate descriptions.  This fatal defect led this Court to find that "none of these statements [are] false, or even alleged to be so."  Opinion 13:14; *see also* Opinion 14:17 ("The SAC cannot and does not allege otherwise.").  Worse, this Court identified Plaintiffs' failure to present even a "coherent pleading" for these claims.  Opinion 13:26-28.  Plaintiffs compounded their failure by

---

[2] SAC ¶¶ 145-149, 156-157, 160-161.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  tacking on the frivolous allegation that Musk should have also disclosed irrelevant prototype fires.

2  Opinion 13:24-26, 14:17-22.

3  Rather than present any evidence contradicting Musk's statements comparing the risk of

4  fire in the Model S to gasoline cars, see SAC ¶¶ 146, 149, 157-158, 182-184, Plaintiffs offered

5  nothing more than sheer speculation from a mechanical engineering Ph.D who had "no actual

6  data" to back up Plaintiffs' claims.  Opinion 16:9-13.  The baseless allegations "[did] not establish

7  falsity, *even facially*, because *nothing* in the SAC suggests that a Model S actually is more likely

8  to catch fire than a gasoline car."  Opinion 16:7-9 (emphasis added).

9  Plaintiffs also alleged that Musk misled investors by saying there would not be a Model S

10  recall.  SAC ¶ 181-183, 185.  In fact, as this Court correctly noted, "there never was a Model S

11  recall." Opinion 16:16-17.  Recognizing that their allegation contradicted the facts, Plaintiffs

12  argued that certain Model S upgrades – raising the drive height and enhancing the undercarriage

13  shield – were "tantamount to a recall."  SAC ¶ 194.  This sleight of hand could not rescue their

14  frivolous allegation as there is no such thing as "tantamount to a recall" – either NHTSA ordered a

15  recall or it did not, and here, it unquestionably did not.  *See* Opinion 16:19-20 ("[T]hese

16  improvements are not 'tantamount to a recall' . . . .").

17  Remarkably, Plaintiffs chose to *highlight* this argument at the September 26 dismissal

18  hearing.  9/26 Hrg. Tr. at 21:20-24:12.  Even when this Court asked directly whether a recall had

19  occurred, Plaintiffs' Counsel evaded the question, surely knowing the only truthful answer was

20  "no":

21  THE COURT: Well, did the National Transportation Safety Board
    order a recall?

22
23  [DEFENDANTS' COUNSEL]: Never.  Post Class Period we know
    that this allegation of falsity also misses the mark.

24  [PLAINTIFFS' COUNSEL]: Your Honor, defendants' own exhibit,
    though, makes clear that the NHTSA, as it was having ongoing

25  negotiations with Tesla, essentially required these steps.  First they
    did the software upgrade, raising up the car.

26
27  THE COURT:  Well, wait a minute.  Wait a minute.

28  [PLAINTIFFS' COUNSEL]:  Yes.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- 7 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

1   THE COURT:  Now, you're saying they actually required Tesla to
    do this?

2

3   [PLAINTIFFS' COUNSEL]:  This is – if you look at the exhibit – I
    think it's their R.J.N. Exhibit 11 – and you read the description in the
    NHTSA Report they say, "Tesla raised the car up and extended the

4   warranty."  Then the conversation continued with NHTSA….

5   9/26 Hrg. Tr. at 23:2-18.

6        A reasonable and competent investigation of the facts would have revealed the falsity of

7   this claim, as NHTSA *reaffirmed* the Model S's five-star safety rating and closed its inquiry into

8   the Model S fires by concluding that it had found no evidence of a defect trend.  Opinion 4:14-20.

9   Indeed, Plaintiffs' assertion that NHTSA "required" a recall of the Model S was not only baseless

10  and demonstrably untrue, it bordered on – and perhaps even crossed into – dishonesty.

11              4.      Plaintiffs Desperately Tried To Save Their Case By Adding Facially

12                      Ridiculous Allegations At The Eleventh Hour.

13       Surely understanding its many defects but refusing to withdraw it, Plaintiffs amended their

14  complaint a second time, shortly before Defendants' motion to dismiss was filed, in a last-ditch

15  effort to save their case.  Plaintiffs' Counsel stated in a declaration in support of their request for

16  leave to amend that they "reviewed the Amended Class Action Complaint . . . to see whether there

17  were any other issues that would benefit from an amendment."  Tuccillo Decl. ¶ 5, Dkt. 40.

18       The only material new allegation was facially absurd:  Plaintiffs alleged that Tesla's

19  Model S deliveries in the third quarter of 2013 were "lower-than-expected" due to a dip in demand

20  caused by the "prior-reported vehicle fires" (SAC ¶ 172), even though *none of the class period*

21  *fires occurred until the fourth quarter*.  As Plaintiffs themselves alleged, those fires took place in

22  October and November 2013, so the allegation that those fires impacted third quarter deliveries

23  was patently untrue and logically nonsensical.  This alone is sanctionable.  *In re Star Gas Sec.*

24  *Litig.*, 745 F. Supp. 2d 26, 36 (D. Conn. 2010) (awarding PSLRA sanctions where allegations

25  were impossible given the alleged chronology of events).   As with many of the above-described

26  allegations, the falsity of this new allegation did not even require the type of investigation Rule 11

27  required Plaintiffs to make:  it was obviously false on its face.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- 8 -

1   Plaintiffs adopted a similar desperate tactic in opposing Defendants' motion to dismiss.

2   There, they proffered new "evidence" of a Toronto garage fire in support of their allegation that a

3   Model S battery had spontaneously caught on fire.  But their own exhibit disproved this baseless

4   allegation – it confirmed that the fire "***did not originate in the battery*** . . ."  Plfs. Opp. Ex. 3,

5   Dkt. 46.  Yet again, on its face, Plaintiffs' claim directly conflicted with the available evidence.

6   **B.  Plaintiffs' Counsel Did Not Conduct A Reasonable Or Competent Inquiry Into**

7   **Their Factual Allegations.**

8   Plaintiffs' Counsel plainly did not conduct a reasonable or competent inquiry into their

9   factual allegations, as Rule 11 requires – the complaint simply contained too many glaring defects

10   to conclude otherwise.  Indeed, the falsity of many of the allegations are obvious from the face of

11   the complaint and the incorporated exhibits, and no further investigation was needed to catch those

12   glaring defects.  Thus, Plaintiffs clearly fail the second prong of the test set forth in *Holgate*, 425

13   F.3d at 676.

14   As this Court recognized over and over, Plaintiffs' allegations were either incoherent or

15   devoid of any factual support, and some of those allegations were outright disproven by the cited

16   documents or Plaintiffs' own confidential witnesses.  But Plaintiffs ignored this evidence and

17   pressed on with their baseless claims.  Sanctions under the PSLRA are required under these

18   circumstances.  *See, e.g.*, *Sable v. Southmark/Environ Capital Corp.*, 819 F. Supp. 324 (S.D.N.Y.

19   1993) (awarding sanctions based on "carelessness of plaintiffs' counsel in making 'reasonable

20   inquiry'" – especially in claiming that "facts clearly disclosed in the [challenged documents] were

21   either not disclosed or 'buried'"); *Aizuss v. Commonwealth Equity Trust*, 847 F. Supp. 1482, 1492

22   (E.D. Ca. 1993) (imposing Rule 11 sanctions where offering documents disclosed the information

23   plaintiffs alleged "was fraudulently concealed"); *Kushner v. D.B.G. Prop. Investors, Inc.*, 793 F.

24   Supp. 1161, 1181-82 (S.D.N.Y. 1992) (awarding sanctions under the PSLRA where plaintiffs

25   "ignore[d] the substantial disclosure in the private placement memoranda").

26   Defendants' counsel informed Plaintiffs' Counsel that the claims were baseless.  During a

27   meet-and-confer call on February 10, 2014, Defendants' counsel identified to Plaintiffs' Counsel

28   their claims' deficiencies and encouraged Plaintiffs to voluntarily dismiss the case.  Elder

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- 9 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

Decl. ¶ 3.  Defendants also raised the same issues with Plaintiffs' counsel shortly before filing their motion to dismiss.  *Id.*  Defendants' counsel explained that litigating this frivolous case would only waste resources for all those involved (this Court included), and that a dismissal of the case, with prejudice, would inevitably result.  Defendants' counsel also reserved Defendants' right to seek sanctions if Plaintiffs persisted with their baseless claims.  *Id.*  But Plaintiffs pressed onward.

It would be one thing if Plaintiffs had merely ignored Defendants' counsel's admonishments.  It is entirely another to ignore the Court's.  This Court delivered the same message at a February 14, 2014 status conference, explaining that there was a "gap" between the alleged road debris fires and the conclusion that Tesla's statements about the safety of the Model S were false.  2/14/2014 Hrg. Tr. at 4:10-24 (emphasis added).  The Court stressed that Plaintiffs had to comply with the PSLRA in their amended complaint, sending a strong message that the initial complaint was far from adequate:

> THE COURT: I want you in your amended complaint to essentially comply with the requirements of the -- of the Private Security Reform Act, which is, in cases of this nature, you are to identify the particular statements that you believe to be untrue and you are to identify the evidence that you have that demonstrates that the statements are untrue.
>
> And, further, if there are omissions, which can be an untruth in a sense, if you're required to make a statement and you do not make that statement, what is the omission and what evidence do you have that the omission was, first of all, required -- that the statement which was actually omitted was actually required and that was intentionally eliminated from the disclosures.
>
> So, in other words, I want you to lay out in as much detail as can be -- in your possession, because you're not entitled to discovery on this, as much information as you possibly have that supports those allegations. And I want to see them in the amended complaint.

*Id.* at 5:10-6:2.  Although Plaintiffs seemingly laid out additional detail in their amended pleadings, none of that detail showed that Defendants' statements were false or misleading, and much of the detail they did set forth in their Second Amended Complaint actually contradicted or disproved Plaintiffs' claims.

Courts have not hesitated to impose sanctions when opposing counsel or the court puts a party on notice that their claims lack merit.  *See Burekovitch v. Hertz*, No. 01-CV-1277 (ILG),

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- 10 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

1   2001 WL 984942, at *13 (E.D.N.Y. July 24, 2001) (imposing sanctions where plaintiff was

2   advised by defendant of the lack of valid state law securities claim but nonetheless refused to

3   withdraw it); *Polar Intern. Brokerage Corp v. Reeve*, 196 F.R.D. 13, 16 (S.D.N.Y. 2000)

4   (imposing Rule 11 sanctions where federal securities law pleading was in "clear violation of the

5   pleading requirements of Rule 9(b)" and where court and opposing counsel had advised plaintiffs

6   of weakness of pleading), *aff'd in part, dismissed in part on other grounds sub nom. Corroon v.*

7   *Reeve*, 258 F.3d 86 (2d Cir. 2001).

8           **C.      Defendants Should Be Awarded Their Full Attorneys' Fees And Costs.**

9           Plaintiffs' Rule 11 violation, as described above, requires an imposition of sanctions under

10  the PSLRA.  15 U.S.C. § 78u-4(c)(2).  Where, as here, the complaint substantially violates

11  Rule 11, the presumption is that the defendants should be awarded their full attorneys' fees and

12  expenses for the entire action.  15 U.S.C. § 78u-4(c)(3).  The PSLRA's full fee shifting sanctions

13  are especially warranted here.  Plaintiffs and Plaintiffs' Counsel persisted in advancing clearly

14  erroneous legal and factual allegations that lacked any evidentiary support, ***even after being put***

15  ***on notice of the defects by Defendants and admonished by this Court***.

16          Given how frivolous these claims were, this Court's conclusion was inevitable that

17  "Plaintiffs have ***woefully failed*** to allege even the false statements at the core of their cause of

18  action," Opinion 17:17-20, and that they "***utterly failed***" to plead even a single misrepresentation.

19  This finding that Plaintiffs' complaint was "woefully" and "utterly" inadequate is more than

20  sufficient to require sanctions under Rule 11 and the PSLRA's fee-shifting provision.  *Abner*

21  *Realty, Inc. v. Admin. Gen'l Svcs. Admin.*, No. 97 Civ. 3075 (RWS), 1998 WL 410958 at *7

22  (S.D.N.Y. July 22, 1998) (awarding fee shifting where the fraud claim was "***woefully inadequate***

23  and fatally flawed") (emphasis added).

24          Courts have not hesitated to award sanctions where, as here, the plaintiffs attempted to

25  salvage their case by misstating or exaggerating evidence and ignoring or contradicting the plain

26  language of their own exhibits.  *See, e.g., Polar Int'l*, 196 F.R.D. at 16 ("[P]laintiffs' repeated

27  attempts to bolster their objectively unreasonable claims of misstatement and omission by

28  exaggerating, mischaracterizing and ignoring the plain language of relevant documents is

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729                                                                     - 11 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)

sanctionable conduct under Rule 11(b)(3) which prohibits counsel from making unsupported factual contentions.").  Likewise, sanctions are appropriate where the plaintiffs are guilty of making facially impossible assertions – such as Plaintiffs' claim here that news of the class period fires affected demand in the preceding quarter.  *In re Star Gas Sec. Litig.*, 745 F. Supp. 2d at 36 (awarding PSLRA sanctions where allegations were unsupported by confidential witnesses, "utterly lacking in support," and impossible given the alleged chronology of events).

Accordingly, Defendants should be granted a full award of their reasonable attorneys' fees and costs in this action.  15 U.S.C. § 78u-4(c)(3)(ii).  As shown in the accompanying declaration of Charles Elder, those fees total $218,578.72 to date.  Elder Decl., ¶¶ 11-12.

## IV.   CONCLUSION

Defendants respectfully request that the Court conduct a mandatory Rule 11 review of the dismissed second amended complaint, find that Plaintiffs' Counsel violated Rule 11, and award fee shifting under the PSLRA.  Defendants respectfully request that the Court award Defendants their reasonable attorneys' fees and costs incurred in this action.

Dated:  December 18, 2014

Respectfully submitted,

IRELL & MANELLA LLP

By:   */s/ Charles Elder*
_____
Charles Elder
Attorneys for Defendants
TESLA MOTORS, INC. and ELON MUSK

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3193729

- 12 -

DEFENDANTS' RULE 59(e) MOTION
FOR THE PSLRA'S MANDATORY RULE 11 INQUIRY
AND AN IMPOSITION OF SANCTIONS
(CASE NO. 3:13-CV-05216-CRB)