IRELL & MANELLA LLP
David Siegel (CA SBN 101355)
dsiegel@irell.com
Charles E. Elder (CA SBN 186524)
celder@irell.com
Colin Roth (CA SBN 287096)
croth@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendants
TESLA MOTORS, INC. and ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE TESLA MOTORS, INC. SECURITIES LITIGATION

Case No. 3:13-CV-05216-CRB

CLASS ACTION

**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE OPPOSITION TO RULE 11 MOTION CONTAINING PRIVILEGED INFORMATION UNDER SEAL PURSUANT TO LOCAL RULE 79-5(d) AND TO RESTRICT PORTIONS THEREOF TO IN CAMERA REVIEW**

Judge: Honorable Charles R. Breyer

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3311283

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
RE SEALING AND IN CAMERA REVIEW
(CASE NO. 3:13-CV-05216-CRB)

Defendants Tesla Motors, Inc. and Elon Musk (collectively, "Defendants") respectfully submit this response to Plaintiffs' Administrative Motion For Leave To File Opposition To Rule 11 Motion Containing Privileged Information Under Seal Pursuant To Local Rule 79-5(d) and To Restrict Portions Thereof to *In Camera* Review (Dkt. 72).  Defendants do not object to Plaintiffs lodging their opposition papers under seal.  In order to facilitate the filing of Plaintiffs' opposition papers, Defendants will not contest at this time Plaintiffs' request to lodge certain materials *in camera*, but Defendants reserve all rights to request production of any materials submitted *in camera* after reviewing Plaintiffs' opposition to Defendants' Rule 59(e) Motion to Amend the Judgment By Conducting the PSLRA's Mandatory Rule 11 Inquiry and Imposing Sanctions (Dkt. 59).

It is a well-settled principle of privilege law that "[a] party who affirmatively places its attorney-client communications at issue in a litigation implicitly waives the privilege.  The attorney client privilege 'may not be used both as a sword and shield.'"  *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014) (quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir.1992)); *see also Shared Med. Res., LLC v. Histologics, LLC*, No. 12-cv-0612-DOC, 2012 WL 5570213, at *2 (C.D. Cal. Nov. 14, 2012) (noting that this doctrine, known as "waiver-by-affirmative-reliance," applies both to the attorney-client privilege and the work-product doctrine).  Moreover, courts recognize that this axiom applies in full force to parties opposing Rule 11 sanctions with purportedly privileged evidence:

> [I]f [the plaintiff] places the privileged matters in issue by seeking to substantively rely on them by introducing privileged documents and privileged testimony, then it may very well waive the applicable privilege. [The plaintiff] cannot use the privilege as a sword and a shield.  It cannot try to persuade me to deny the sanctions motion by submitting privileged documents and privileged testimony and simultaneously foreclose [the defendant] from challenging the very evidence it is relying upon for substantive purposes. That is fundamentally unfair and runs counter to basic privilege law.

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 286 F.R.D. 661, 666 (S.D. Fla. 2012).  *See also Shared Med. Res., LLC v. Histologics, LLC*, No. SACV 12-0612 DOC, 2012 WL 5570213, at *4 (C.D. Cal. Nov. 14, 2012) ("In defending itself against Defendant's Motion for Sanctions, Plaintiff desires to both rely on privileged material as well as keep the privilege intact by filing a full

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3311283

- 1 -

RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
RE SEALING AND *IN CAMERA* REVIEW
(CASE NO. 3:13-CV-05216-CRB)

version of its Opposition and all supporting documents *in camera*. . . . Plaintiff's desired course of action is improper given . . . the waiver-by-affirmative-reliance doctrine which would waive any privilege that would possibly attach to the materials Plaintiff relies upon in defending itself.").

Here, Plaintiffs have not yet filed their opposition, and Defendants therefore cannot yet evaluate the kinds of evidence Plaintiffs seek to restrict to *in camera* review or Plaintiffs' arguments relying on that material. It may be that, after reviewing Plaintiffs' submissions, Defendants conclude that they will not object to *in camera* review. Or, depending on what Plaintiffs argue in their opposition, Defendants may conclude that access to some or all of those materials may be necessary to reply to the arguments made, or that Plaintiffs' arguments constitute a waiver of the privilege. Right now, it is too soon to tell.

Accordingly, and in the interest of avoiding a potentially unnecessary dispute at this time regarding the mechanics of filing Plaintiffs' opposition papers, Defendants do not currently oppose Plaintiffs submitting portions of their opposition for *in camera* review. But, to avoid any "fundamentally unfair" result, Defendants reserve all rights to later request production to them of any materials the Court accepts for *in camera* review. *QBE*, 286 F.R.D. at 666.

Dated: February 26, 2015         Respectfully submitted,

IRELL & MANELLA LLP

By: */s/ Charles Elder*
    Charles Elder
    Attorneys for Defendants TESLA MOTORS,
    INC. and ELON MUSK

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3311283                         - 2 -                         RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION
                                                              RE SEALING AND *IN CAMERA* REVIEW
                                                              (CASE NO. 3:13-CV-05216-CRB)