IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TESLA MOTORS, INC. SECURITIES LITIGATION _____/ | No. 3:13-cv-05216-CRB<br>**ORDER DENYING MOTION TO AMEND THE JUDGMENT** |

Defendants Tesla Motors and Elon Musk (collectively, "Tesla") request that this Court amend its judgment by imposing sanctions. See Mot. (dkt. 59). Having conducted a careful post-judgment review of the attorneys' conduct for compliance with Federal Rule of Civil Procedure 11(b), the Court finds that each of Plaintiffs' counsels' representations to the court were proper, nonfrivolous, and factually supported, though ultimately unpersuasive. See 15 U.S.C. § 78(u)-4(c)(1). Because the Court, having conducted the inquiry mandated by the PSLRA, concludes that sanctions are not warranted, it hereby DENIES the motion to amend the judgment.

Under the Private Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). The Court is required to impose sanctions if it finds that a Rule 11 violation occurred, with the presumptive amount of sanctions for a substantial failure to comply with Rule 11 being the opposing party's

reasonable attorneys' fees and associated expenses. 15 U.S.C. §§ 78u-4(c)(2)–(3).

Rule 11(b), in turn, states that by presenting to the Court any pleading or other filing, an attorney certifies that to the best of the attorney's knowledge formed after an inquiry reasonable under the circumstances:

> "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation;
> (2) the claim, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4).

Each of these representations was satisfied here. Tesla's principal argument is that Plaintiffs' Complaint lacked any factual or evidentiary basis, and that Plaintiffs' counsel did not conduct a reasonable or competent inquiry into their factual allegations. When, as here, the Rule 11 inquiry focuses on a Complaint, this Court "'must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir.2002)); Kelter v. Associated Financial Group, Inc., 382 Fed. Appx. 632, 633 (9th Cir. 2010) (same, applying standard in PSLRA context). In other words, a finding that a Complaint is "frivolous" is appropriate if it "is both baseless and made without a reasonable and competent inquiry." Holgate, 425 F.3d at 676 (quoting Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431, 434 (9th Cir.1996)). "The reasonableness standard governing a Rule 11 inquiry is objective." Kelter, 382 Fed. Appx. at 633 (citing G.C. and K.B. Investments, Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir.2003)).

The Court agreed with Tesla that Plaintiffs failed to allege a single actionable false or misleading statement in their 87-page Complaint, and accordingly granted the motion to

2

dismiss. See Second Amended Complaint ("SAC") (dkt. 42); Order Granting Mot. Dismiss (dkt. 56). But the Court cannot agree that sanctions are warranted under the PSLRA framework. Plaintiffs' factual contentions have full evidentiary support, as far as the Court and parties can tell at this stage. Competent evidence supports the allegations that Tesla and Musk did make the various press releases, and did conduct the various battery tests, and that the Model S did experience a series of fires caused by road debris–all generally in the form and substance and sequence the Complaint alleges. The strictly factual aspects of Plaintiffs' Complaint were supported by a lengthy and thorough investigation, which included extensive witness interviews, a detailed history of the engineering and development of the Roadster and Model S Tesla vehicles, and reviews of public documents, conference calls, press releases, financial filings, and stock performance. By and large, the underlying events appear to have occurred much in the way Plaintiffs allege.

Tesla does not really argue otherwise. Rather, Tesla takes umbrage at the legal conclusions that Plaintiffs advanced in light of this factual backdrop—that in light of the battery tests and fires, Tesla's press releases and statements were false and misleading representations to investors. In so doing, Tesla's argument and this Court's inquiry move from the factual territory of Rule 11(b)(3) to the legal one of Rule 11(b)(2). But although the Court disagreed, and stridently so, that Plaintiffs' factual allegations pled a single false statement to survive a motion to dismiss, this is hardly "one of the rare and exceptional cases that warrant the extraordinary remedy of Rule 11 sanctions." See Kelter, 382 Fed. Appx. at 634 (citations omitted). The facts known to Plaintiffs support a good-faith, if erroneous, argument that Tesla's disclosures were misleading—as, for example, the National Highway Traffic Safety Administration might have thought when it issued a clarification of its 5-Star Safety Ratings on its webpage, complete with a picture of a Tesla, shortly after one of Tesla's press releases. See SAC ¶ 126. While these and other statements did not come close to being actionable in the full context of Tesla's disclosures to the market, Plaintiffs' Complaint did not raise the objectively baseless and frivolous claims that have previously been the subject of fee awards. See, e.g., Patton v. County of Kings, 857 F.2d 1379,

3

1381–82 (9th Cir.1988) (affirming an award of fees where a plaintiff raised one claim that was directly contrary to established precedent, and a second claim without citing any authority in support); Fed. R. Civ. P. 11(b)(2).

Accordingly, the Court finds that Plaintiffs' filings complied with Rules 11(b)(2) and (3). Tesla does not allege, nor is there any indication to support, that Plaintiffs violated Rule 11(b)(1) or (4). The Court DENIES Tesla's motion to amend the judgment. In light of a careful review of the parties' arguments, the relevant law, and the record in this case, and pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing on this motion scheduled for April 3, 2015, at 10:00 a.m. The pending stipulation to alter the hearing date (dkt. 68) and administrative motion to file under seal (dkt. 72) are DENIED AS MOOT. Plaintiffs' motion for leave to file sur-reply (dkt. 80) is GRANTED.[1]

**IT IS SO ORDERED.**

Dated: March 23, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] In seeking leave to file a sur-reply pursuant to Local Civil Rule 7-3(d), the Plaintiffs attached a memorandum containing the substance of their objections. See Proposed Sur-Reply (dkt. 81-1). The Court has considered this material.

4